Benjamin I. Whipple
481 West Arctic Avenue
Palmer, Alaska 99645
907-745-1776

Attorney for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT PALMER

| | |
|---|---|
| Cassandra R. Hickman, | ) |
| Plaintiff, | ) |
| v. | ) |
| State Farm Mutual Automobile Insurance Company, an Illinois coporation, | ) |
| Defendant. | ) |
| | ) Case No. 3PA-09-     CI |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW plaintiff Cassandra R. Hickman, through counsel, and for her complaint against defendant State Farm Mutual Automobile Insurance Company alleges on information and belief as follows:

1. Plaintiff is a resident of the State of Alaska, Third Judicial District.

2. Defendant State Farm Mutual Automobile Insurance Company (hereafter "State Farm") is an automobile liability insurance corporation formed under the laws of the State of Illinois, licensed to do business in the State of

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT FOR DECLARATORY RELIEF
HICK-PLE.201
3PA-09-     CI

1

Alaska and possessed of a current Certificate of Authority issued by the State of Alaska, Division of Insurance.

3. Plaintiff is an insured under defendant's automobile liability insurance policy issued to Craig and Amber Henry (policy number 018714302). This policy includes UIM coverage.

4. Plaintiff is a third-party beneficiary to the insurance policy contract between the Henrys and defendant. This policy provides casualty insurance within the meaning of A.S. § 21.12.070(a). Plaintiff property rights under that casualty insurance contract constitute personal property.

5. The insurance contract between the Henrys and defendant, of which plaintiff is an insured and third party beneficiary, is a contract of adhesion.

6. The events described herein occurred within the Third Judicial District of the State of Alaska.

7. On December 6, 2007 plaintiff was a passenger in the front seat of a truck owned by Craig and Amber Henry and driven by the Craigs' daughter Miranda Henry. They stopped behind a vehicle at the stoplight at Church Road and the Parks Highway in the City of Wasilla. A car driven negligently by Bryan M. Wuestenberg rear-ended the truck in which plaintiff sat.

8. Mr. Wuestenberg had a common law and statutory duty to plaintiff to abide by the driving laws of the State of Alaska and thus avoid conduct that would with reasonable foreseeability result in harm to plaintiff.

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT FOR DECLARATORY RELIEF
HICK-PLE.201
3PA-09-    CI

2

Case 3:10-cv-00121-TMB   Document 1-1   Filed 06/08/10   Page 2 of 6

9. Mr. Wuestenberg breached his duties to plaintiff by driving in a negligent manner and in violation of the driving laws of the State of Alaska, including, but not limited to A.S. § 28.35.045.

10. As a direct and proximate result of Mr. Wuestenberg's negligence, a collision occurred in which plaintiff sustained injuries to her head, neck, back and ribs and which caused her severe pain and emotional distress.

11. As a direct and proximate result of Mr. Wuestenberg's negligence, plaintiff has suffered "severe permanent physical impairment or severe disfigurement" within the meaning of A.S. § 09.17.010(c).

12. As a direct and proximate result of Mr. Wuestenberg's negligence, plaintiff lost wages and her ability to engage in her occupation has been diminished. She has worked as a waitress and housekeeper, occupations which require bending and lifting.

13. The automobile collision which injured plaintiff was solely the fault of Mr. Wuestenberg.

14. Plaintiff was fault-free in the above-referenced collision.

15. Plaintiff's claim against Mr. Wuestenberg has been resolved without admission of liability with the written permission of defendant State Farm Mutual Automobile Insurance Company upon payment of Mr. Wuestenberg's liability carrier's policy limits. Plaintiff received from Mr. Wuestenberg's liability carrier $60,844, which included

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT FOR DECLARATORY RELIEF
HICK-PLE.201
3PA-09-    CI

the face amount of $50,000, and prejudgement interest and Alaska Civil Rule 82 attorney's fees. This payment to plaintiff exhausted Mr. Wuestenberg's policy limits.

16. With defendant's consent, plaintiff's action against Mr. Wuestenberg has therefore been dismissed (3PA-09-930 CI).

17. However, plaintiff's damages exceed the amount available under Mr. Wuestenberg's automobile liability policy. Plaintiff has therefore lodged with defendant State Farm an underinsurance claim (UIM claim number 02-0545-622).

18. Plaintiff and defendant have not agreed upon the amount due plaintiff under the UIM provision in the Henry's policy.

19. Under the terms of the UIM provisions of the Henrys' policy, plaintiff is required to file an action in court naming defendant State Farm if, within two years of the automobile accident, plaintiff and State Farm have not agreed upon the liability of Mr. Wuestenberg or the amount of damages plaintiff is legally entitled to collect.

20. Plaintiff objects to this State Farm UIM policy litigation requirement. Plaintiff alleges that it is unenforceable and contends that it violates the mandatory appraisal and arbitration provisions of Alaska law set forth in A.S. § 21.89.035. Plaintiff alleges that this litigation requirement violates the covenant of good faith and fair dealing implicit in every insurance policy. Without adequate explanation or notice in the policy it unreasonably

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT FOR DECLARATORY RELIEF
HICK-PLE.201
3PA-09-    CI

4

exposes plaintiff to the possible risk of unnecessary costs and attorney's fees. Additionally, the requirement imposes upon plaintiff an unreasonably short amount of time in which to agree with State Farm on UIM coverage or be required to file an action in court. Plaintiff contends that defendant should bear the cost of this declaratory relief action by paying plaintiff's attorney's fees and costs.

21. Plaintiff seeks from this court a declaration that the State Farm policy term which requires plaintiff to file an action naming State Farm to determine the applicable amount of her UIM proceeds constitutes a violation of A.S. § 21.89.035 and is therefore unenforceable;

22. For the purpose of establishing the obligation of State Farm's UIM coverage of plaintiff, plaintiff seeks from this court a declaration that Mr. Wuestenberg negligently caused the accident in which plaintiff was injured.

23. For the purpose of determining the amount of UIM proceeds State Farm should pay plaintiff, plaintiff seeks from this court a declaration stating the amount of plaintiff's damages caused by Mr. Wuestenberg's negligence, including prejudgment interest dating from December 6, 2007, the date of the accident.

24. Plaintiff's total expected damages exceed $100,000, an amount within the jurisdiction of this Court.

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT FOR DECLARATORY RELIEF
HICK-PLE.201
3PA-09-        CI

WHEREFORE, plaintiff prays for relief from this Court, as follows:

1. For a declaration of the unenforceability of the State Farm UIM litigation requirement.

2. For a declaration of liability of Mr. Wuestenberg for purposes of enforcing plaintiff's UIM coverage.

3. For a declaration of the amount of damages plaintiff would be entitled to recover based on such liability, including past and future medical expenses, emotional distress, pain and suffering and lost wages, for purposes of quantifying plaintiff's UIM coverage.

4. For reasonable attorney's fees and costs of suit incurred herein; and

5. For such other and further relief as the Court deems proper.

DATED this 4th day of December 2009.

By _____
Benjamin I. Whipple
Alaska Bar # 9311096
Attorney for Plaintiff

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT FOR DECLARATORY RELIEF
HICK-PLE.201
3PA-09-      CI

6

Case 3:10-cv-00121-TMB   Document 1-1   Filed 06/08/10   Page 6 of 6